920 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William L. HAYES, Plaintiff-Appellant,
v.
Mary UGWUZOR, Lou Meyer, Defendants-Appellees.
 No. 90-1373.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1990.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 William L. Hayes, a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This incident arose while Hayes was a prisoner at the Huron Valley Men's Facility and involved a confrontation between Hayes and two corrections officers. Hayes received two misconduct tickets for assault and battery, and the matter was referred to the local prosecuting attorney for initiation of criminal charges. Hayes received a misconduct hearing, was found guilty of the charges, and was sentenced to thirty days loss of privileges. Hayes was also reclassified to administrative segregation, and lost good time credits. Later, Hayes was transferred to the State Prison at Southern Michigan for medical treatment where he remained for six months. During the interim, Hayes was acquitted of the criminal charges. Upon his return to Huron Valley, Hayes was again classified to administrative segregation status. Hayes also alleged that defendant Meyer placed him in a 24 hour detention cell with leg and arm restraints for banging on his cell door.
 
 
 3
 Seeking monetary and injunctive relief, Hayes sued the defendants in their individual and official capacities alleging that they improperly placed him in administrative segregation upon his return to Huron Valley despite his having been acquitted of the criminal charges. Hayes also alleged that he should have received a hearing before being placed in segregation, and that he should not have been placed in restraints.
 
 
 4
 The magistrate recommended defendants' motion for summary judgment be granted, finding that defendant Meyer had no personal involvement in Hayes's placement in 24 hour detention; that a Michigan prisoner could automatically be reclassified to administrative segregation without a second hearing following a major misconduct; and that Hayes's acquittal on criminal charges did not preclude the imposition of prison punishment based upon the same incident. Hayes did not file objections to the magistrate's report, but instead, filed a motion for leave to amend the complaint adding seven new defendants alleging a conspiracy. The magistrate recommended the motion be denied, finding that the proposed allegations involved conduct subsequent to and unrelated to the original complaint. Hayes filed objections. The district court adopted the magistrate's recommendation after reviewing Hayes's objections to the second report.
 
 
 5
 On appeal, Hayes reasserts his claims, requests the appointment of counsel and additionally argues that the district court erred in denying him leave to amend the complaint.
 
 
 6
 Upon review, we affirm the district court's judgment because defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The disciplinary procedures utilized were sufficient to satisfy constitutional mandates as Hayes received copies of the misconduct tickets and he was given a hearing, where he was found guilty of the charges. See Wolff v. McDonnell, 418 U.S. 539 (1974). Consequently, Hayes could properly be classified to administrative segregation upon his return to Huron Valley without the necessity of a second hearing. See Walker v. Mintzes, 771 F.2d 920, 933 (6th Cir.1985). The fact that Hayes was later acquitted of criminal charges had no effect on the prison disciplinary finding because the two proceedings require different quantums of proof. See Rusher v. Arnold, 550 F.2d 896, 898-99 (3d Cir.1977). Also, deputy warden Elkins authorized Hayes's placement in 24 hour detention. Thus, neither defendant had any personal involvement in the incident.
 
 
 7
 Finally, the district court did not abuse its discretion in denying Hayes leave to amend the complaint. At that particular stage of the proceedings, the defendants would have been prejudiced in their ability to defend against entirely unrelated claims. See Ellison v. Ford Motor Co., 847 F.2d 297, 300-01 (6th Cir.1988) (per curiam).
 
 
 8
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.